UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUBERT LOWE,
Plaintiff,

vs.

STATE OF OHIO, et al.,
Defendants.

Case No. 1:18-CV-92
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against the State of Ohio and City of Cincinnati police officers William Trabel, Jerry Hodges, Ronald Schultz, and Euginia Blue. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges the following, verbatim:

TIMELINE OF EVENTS

- June 27, 2014-crime happened about 8:30 a.m.
    - Sgt. Sherman First Responder
- July 3, 2014-Fugitive Task Force
    - 10-11:00 a.m.
    - Det. Schultz
    - PS Schultz
    - 8 officers
- July 21, 2014-Arrested for felonious assault 9:00 p.m.
    - P.S. Schultz
    - No complaint filed
    - No arrest warrant issued
- According to docket sheet-was charged and complaint filed on July 22, 2014
    - PS Schultz

\*
\*
\*

Beginning on June 27, 2014, the Cincinnati Police Department-District 3, began a pattern of unwarranted harassment against me. It started with a false accusation of assault. Continued with Cincinnati Police Department kicking in the door of my apartment building on July 3, 2014, without a warrant, reason or complaint being filed with the proper court. It ended with my arrest on a false charge of felony assault on July 21, 2014. On that date I was again arrested without a criminal complaint being filed nor an arrest warrant being issued.

Won appeal and State let me finish my time after would put me on parole cause me to lose two jobs when they sent me to Summit for six months then put me on probations case was dismissed Nov. 27, 2018 (sic). Violation of appelette (sic) court ruling.

3

(Doc. 1-2 at PAGEID#: 13-14). Plaintiff alleges his attorney committed misconduct by "telling the judge at bond hearing I had a knife!" (Doc. 1-2 at PAGEID#: 16). Plaintiff appears to allege he was maliciously prosecuted, wrongfully accused, wrongfully convicted, and falsely imprisoned. As relief, he seeks $1.3 million. (Doc. 1-2 at PAGEID#: 16).

Plaintiff's complaint is subject to dismissal. First, to the extent plaintiff may be alleging claims of false arrest and false imprisonment, those claims are time-barred. Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.,* No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's

two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013). Here, it is clear from the face of the complaint that plaintiff's claims regarding his July 21, 2014 arrest and alleged false imprisonment are time-barred. *See Wallace*, 549 U.S. at 389-90 (holding that the limitations period with respect to a false imprisonment or false arrest claim brought under 42 U.S.C. § 1983 begins upon the initiation of legal process, such as when the individual is bound over for trial or arraigned on charges). In this case, plaintiff was arrested on July 21, 2014 and a criminal complaint was filed the following day. (Doc. 1-2 at PAGEID#: 12). An indictment for felonious assault was filed on July 29, 2014, and plaintiff was arraigned on August 8, 2014. (*Id.*). Plaintiff did not file the instant case until February 9, 2018, long after the two year limitations period expired. Therefore, plaintiff's false arrest and false imprisonment claims are subject to dismissal at the screening stage on statute of limitations grounds.

Second, plaintiff has failed to allege any facts showing how the individual defendants participated in any alleged violation of his constitutional rights. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the individual defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. With the exception of listing the named defendants in the caption of his complaint, plaintiff has failed to allege the specific actions each defendant allegedly took to violate his rights. Plaintiff's allegations of "malicious prosecution" and "wrongful conviction" are pure legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual basis for plaintiff's claims.

*Twombly*, 550 U.S. at 555. Accordingly, the complaint fails to state a claim upon which relief may be granted against the individual defendants and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Third, plaintiff's claims against the State of Ohio should be dismissed. Any form of relief sought against a State in federal court is barred under the Eleventh Amendment unless the State has waived its sovereign immunity. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). Therefore, plaintiff's complaint against the State of Ohio should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/21/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HUBERT LOWE,<br>Plaintiff, | Case No. 1:18-CV-92<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| STATE OF OHIO, et al.,<br>Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).